**WESTCHESTER FIRE INS. CO.**
v.
**ATMORE TRUCKERS ASS'N, Inc.**
**Civ. No. 1064.**

United States District Court
S. D. Alabama, S. D.
April 5, 1954.

Alexander Foreman, Jr., and Joseph M. Hocklander, Mobile, Ala., for plaintiff.

C. M. A. Rogers of McCorvey, Turner, Rogers, Johnstone & Adams, Mobile, Ala., Leon G. Brooks, of Brooks & Garrett, Brewton, Ala., for defendant.

THOMAS, District Judge.

This is an action for damages brought by the plaintiff as subrogee, for its loss arising out of a fire which destroyed certain rayon yarn stored in the defendant's warehouse by the plaintiff's assured, Goodwill Manufacturing Company.

### Findings of Fact

The court adopts the following findings of fact from the stipulations of the pre-trial proceedings:

I. The plaintiff is a New York corporation authorized to do business in Alabama; the defendant is an Alabama corporation, incorporated under the laws of Alabama.

II. The Goodwill Manufacturing Company operated a mill in Atmore, Alabama, and was the owner of certain rayon yarn stored in a warehouse owned and operated by the defendant.

III. Prior to August 1951, the plaintiff insured said rayon yarn belonging to Goodwill Manufacturing Company against loss and damage by fire.

IV. On August 22, 1951, the rayon yarn, while located in the warehouse of the defendant, was damaged by fire in the sum of $6,534.88, for which loss the plaintiff is subrogated to all rights of the Goodwill Manufacturing Company.

V. At the time of the fire, the defendant was operating a cotton gin, which was in the process of ginning cotton, and which was located on the south of and in proximity to the warehouse, being separated therefrom by a 56-foot lot, also owned by the defendant.

VI. The warehouse was of brick, covered with a fireproof roof, and the entrances had metal doors. There were two entrances in the south wall of the warehouse, and these entrances were approximately ten feet in width. The metal doors thereto were on rollers, and opened or closed by sliding parallel to the wall.

On the evidence offered in the trial of the cause, the court makes the following additional findings:

VII. During the spring of 1951, the Goodwill Manufacturing Company, through its then General Manager, Mr. Raymond Eisenhard, and the defendant, through its manager, Mr. Q. E. Wells, entered into an agreement whereby the defendant permitted Goodwill Manufacturing Company to store the rayon yarn in its warehouse, and whereby Goodwill Manufacturing Company agreed to pay five cents per bale per month for the convenience of storing the rayon yarn in the defendant's warehouse, which payments were made in accordance with the agreement. These payments were not solely to compensate the defendant for the expense incurred in handling the rayon yarn.

VIII. In the process of ginning cotton during August 1951, the defendant's gin discharged inflammable waste material on the lot between the gin and the ware-

house, which waste was permitted to accumulate in considerable quantity, extending across the lot from the gin and up against the south wall of the warehouse adjacent to one of the doorways in the south wall.

IX. While the above conditions existed, on August 22, 1951, a fire occurred in the lot between the gin and the warehouse, the flames of which traveled from the direction of the gin toward the south wall of the warehouse on or along the inflammable waste material and into the warehouse. The evidence was in direct conflict as to whether the doorway was open or closed when the fire occurred. In any event, as a result of the fire, the rayon yarn stored in the defendant's warehouse was damaged by fire and water in the amount above stated.

X. The defendant was negligent in permitting this inflammable waste material to accumulate in large quantities extending across the lot from the gin and up against the wall and door of the warehouse, and the damage to the rayon yarn was the proximate result of such negligence.

### Conclusions of Law

I. As the payment to defendant was not solely to compensate for expenses incurred, the nature and amount of compensation is immaterial, and the court will not inquire into the adequacy thereof. The defendant, by taking the yarn into its care and custody for compensation, became a bailee for hire, and is liable for want of ordinary care. Prince v. Alabama State Fair, 1894, 106 Ala. 340, 17 So. 449, 28 L.R.A. 716, citing Newhall v. Paige, 1835, 10 Gray, Mass., 366.

II. The defendant being a bailee for hire, was negligent in its failure to use ordinary care and is liable for the loss by fire to the rayon yarn.

Judgment entered for the plaintiff in accordance with the above findings and conclusions.